Laurie A. Cayton (USB #4557)
**UNITED STATES DEPARTMENT OF JUSTICE**
Office of the United States Trustee
405 South Main Street
Ken Garff Building, Suite, 300
Salt Lake City, Utah 84111
Telephone:     (801) 524-3031
Facsimile:      (801) 524-5628
Email: Laurie.Cayton@usdoj.gov

Attorney for Charles F. McVay, United States Trustee

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH
CENTRAL DIVISION**

| | |
|---|---|
| In re: <br><br> **EUGENE POWELL TILL**, <br><br> Debtor. | **Bankruptcy Case No. 10-29300 RKM** <br><br> (Chapter 7) |
| **UNITED STATES TRUSTEE,** <br><br> Plaintiff. <br><br> -vs- <br><br> **EUGENE POWELL TILL,** <br><br> Defendant. | **Adversary Proceeding No.** <br><br> Judge R. Kimball Mosier |

**COMPLAINT SEEKING DENIAL OF DISCHARGE
PURSUANT TO 11 U.S.C. §§ 727(a)(2)(B), 727(a)(4) and 727(a)(6)**

The Plaintiff, the United States Trustee, for Region 19, complains and alleges of Defendant as follows:

## GENERAL ALLEGATIONS

1. The Defendant, Eugene Powell Till, is a resident of Utah County, State of Utah and the Defendant comes before this Court pursuant to the filing of a voluntary Chapter 7 Petition on July 12, 2010. Kenneth A. Rushton was appointed as the interim Chapter 7 trustee upon the commencement of the case and became the permanent trustee after the Meeting of Creditors held pursuant to Section 341.

2. The Plaintiff herein is the United States Trustee (28 U.S.C. Section 581(a)(19)).

3. The jurisdiction of this Court is properly invoked under 28 U.S.C. Section 157 and 28 U.S.C. Section 1334 and by General Order of Reference (DUCivR 83-7.1) from the United States District Court for the District of Utah. The matter is a core proceeding under 28 U.S.C. Section 157(b). Venue is proper in the Central Division for the District of Utah.

4. The Defendant caused to be filed with the United States Bankruptcy Court the required Statement of Financial Affairs, Schedules and other related documents.

5. The Meeting of Creditors conducted pursuant to Section 341 in the Defendant's Chapter 7 case was noticed and conducted on August 18, 2010 at 11:30 a.m. The Defendant appeared at the Meeting of Creditors, was duly placed under oath and was examined by the Chapter 7 trustee.

6. The last day to file a complaint under 11 U.S.C. § 727 was originally set for October 17, 2010. Pursuant to Motion of the U.S. Trustee to extend deadlines, the last day for the U.S. Trustee to file a complaint under 11 U.S.C. §727 was extended to December 17, 2010.

7. The U.S. Trustee filed a Motion for Examination Under Rule 2004 of Eugene Till For the Production of Documents on October 26, 2010.

8. The Court issued an Order Granting Motion for Examination of Eugene Till Under Rule 2004 and For the Production of Documents on October 28, 2010.

9. The Order required the Defendant, Eugene Powell Till, to produce the documents outlined in Exhibit "A" to the Motion by November 9, 2010 to Laurie A. Cayton at the Office of the U.S. Trustee, 405 South Main Street, Suite #300, Salt Lake City, Utah 84111.

10. The Defendant failed to produce any documents to the Office of the U.S. Trustee as outlined in Exhibit "A" to the Motion on November 9, 2010 or thereafter.

11. The Order required the Defendant, Eugene Powell Till, to appear at the Office of the U.S. Trustee, 405 South Main Street, Suite #300, Salt Lake City, Utah on November 16, 2010 at the hour of 2:00 p.m.

12. The Defendant failed to appear at the Office of the U.S. Trustee on November 16, 2010 at 2:00 p.m. or at any other time thereafter.

# FIRST CAUSE OF ACTION: CONCEALMENT OF INTEREST IN PERSONAL PROPERTY HELD IN THE NAME OF DEFENDANT

13. On July 12, 2010, the Defendant had an ownership interest in a Utah limited liability company "Plan Master, LLC" which is in the business of providing services to bankruptcy petition preparers.

14. The Defendant advertises his own services as a bankruptcy petition preparer "The Bankruptcy Guy" located at www.bankruptcy-guy.com.

15. According to documentation provided by the Defendant to the U.S. Trustee, "Plan Master, LLC" provides office space, furniture, computers, printers, a copy machine, fax services, PACER services, credit card processing, bankruptcy software, bank services for check cashing, advertising, appointment services, website, office supplies and telephones, among other services offered to other bankruptcy petition preparers.

16. Commencing in November, 2009 and continuing through the present date, the Defendant has operated the business of "Plan Master, LLC" and/or "The Bankruptcy Guy".

17. As "Plan Master, LLC" and/or "The Bankruptcy Guy", the Defendant has hired 1099 employees and/or contracted for the use of the assets and services of "Plan Master, LLC" and/or "The Bankruptcy Guy" with other bankruptcy petition preparers for a per case fee.

18. The Defendant has contracted with the following individuals to work for "Plan Master, LLC" as 1099 employees or to use the assets and services of "Plan Master, LLC from December, 2009 through at least July 27, 2010: (1) Tracy Harlow; (2) Virgle Odekirk; (3) Scot Stobbe; (4) Kathy Dodge; and (5) Scott Zabriskie.

19. The individuals who work for or use the services of "Plan Master, LLC" pay the Defendant on a per case basis up to $149 per case.

20. During the months of May, June and July, 2010, the individuals listed in paragraph 12 were disclosed to be a petition preparer in 91 cases filed in the District of Utah.

21. During the months of August, September and October, 2010, the individuals listed in paragraph 12 were disclosed to be a petition preparer in 132 cases in the District of Utah.

22. On July 12, 2010, the Defendant signed and filed with the United States Bankruptcy Court for the District of Utah an Application to Proceed in forma pauperis.

   a. Defendant was required to disclose his Total Combined Monthly Income on Part A, question #2 of the Application to Proceed in forma pauperis.

   b. Defendant listed $2030 as his total combined monthly income which corresponds with the amount claimed to be his monthly income from Line

        16 on Schedule I, $940 from his Social Security income and $1090 from his spouse's pension or retirement income.

  c.    Defendant failed to disclose his income from "Plan Master, LLC" and/or "The Bankruptcy Guy" on the Application to Proceed in forma pauperis.

23.    On July 30, 2010, the Defendant signed and filed with the United States Bankruptcy Court for the District of Utah his Summary of Schedules, Statement of Financial Affairs, Schedules A through J, Chapter 7 Statement of Current Monthly Income and Means Test Calculation, and Payment Advices/Evidence of Payment for this case.

  a.    Defendant was required to disclose in Schedule B all property in which he had any legal, equitable or future interest on the date of the bankruptcy filing (July 12, 2010). Defendant declared under penalty of perjury in Schedule B that he had no interest in an incorporated or unincorporated business, that he had no interest in a partnership or joint venture and failed in any other location to disclose his interest in "Plan Master LLC".

  b.    Defendant was required to disclose all income on his Statement of Financial Affairs, question #1 from employment or the operation of a business and question #2 from sources other than employment or the operation of a business, such as social security payments. Defendant declared under penalty of perjury in the Statement of Financial Affairs, question #1, that he had no income from employment or operation of a

      business and failed to disclose the income he received from "Plan Master, LLC" and/or as "The Bankruptcy Guy". Defendant declared under penalty of perjury in the Statement of Financial Affairs, question #2, that he had no income other than from employment or operation of a business and failed to disclose the payment he receives from social security.

c. Defendant was required to provide a Chapter 7 Statement of Current Monthly Income and Means Test Calculation which is to disclose all income from any source. The Defendant declared under penalty of perjury in the Chapter 7 Statement of Current Monthly Income and Means Test Calculation that his only source of income was $940 from wages, salary, tips, bonuses, overtime, commissions for himself and $1,090 from his spouse. Defendant declared under penalty of perjury in the Chapter 7 Statement of Current Monthly Income and Means Test Calculation that he had no income from the operation of a business and failed to disclose his income from "The Plan Master" and/or "The Bankruptcy Guy".

d. Defendant was required to file Payment Advices/Evidence of Payment which is to disclose all income received during the 60 days prior to filing. The Defendant declared under penalty of perjury in the Payment Advices/Evidence of Payment that his only income during the 60 days prior to filing was $919 on July 28, 2010 and $919 on June 23, 2010. No

        disclosure was made of the income earned from the operation of "The Plan Master" and/or his work as "The Bankruptcy Guy".

24.    The Defendant, with the intent to hinder, delay or defraud creditors and the trustee, concealed his interest in and his income from "Plan Master, LLC" and/or "The Bankruptcy Guy". Therefore, the Defendant's discharge should be denied pursuant to 11 U.S.C. §727(a)(2)(B).

## SECOND CAUSE OF ACTION: FALSE OATH ON SCHEDULES CONCERNING DEFENDANT'S INTEREST IN PROPERTY AND DEFENDANT'S INCOME

25.    Plaintiff hereby adopts and incorporates in paragraph 25 by reference the allegations set forth in paragraphs 1 through 24 of this complaint. In the alternative and without waiving the foregoing, Plaintiff asserts that on July 12, 2010, the Defendant signed the Application to Proceed in forma pauperis and that on July 30, 2010, the Defendant signed the Summary of Schedules, Statement of Financial Affairs, Schedules A through J, Chapter 7 Statement of Current Monthly Income and Means Test Calculation, and Payment Advices/Evidence of Payment filed in this case.

    a.    Defendant was required to disclose in Schedule B all property in which he had any legal, equitable or future interest on the date of the bankruptcy filing (July 12, 2010). Defendant declared under penalty of perjury in Schedule B that he had no interest in an incorporated or unincorporated

        business, that he had no interest in a partnership or joint venture and failed in any other location to disclose his interest in "Plan Master LLC".

b.     Defendant was required to disclose all income on his Statement of Financial Affairs, question #1 from employment or the operation of a business and question #2 from sources other than employment or the operation of a business, such as social security payments. Defendant declared under penalty of perjury in the Statement of Financial Affairs, question #1, that he had no income from employment or operation of a business and failed to disclose the income he received from "Plan Master, LLC" and/or as "The Bankruptcy Guy". Defendant declared under penalty of perjury in the Statement of Financial Affairs, question #2, that he had no income other than from employment or operation of a business and failed to disclose the payment he receives from social security.

c.     Defendant was required to provide a Chapter 7 Statement of Current Monthly Income and Means Test Calculation which is to disclose all income from any source. The Defendant declared under penalty of perjury in the Chapter 7 Statement of Current Monthly Income and Means Test Calculation that his only source of income was $940 from wages, salary, tips, bonuses, overtime, commissions for himself and $1,090 from his spouse. Defendant declared under penalty of perjury in the Chapter 7 Statement of Current Monthly Income and Means Test Calculation that he

        had no income from the operation of a business and failed to disclose his income from "The Plan Master" and/or "The Bankruptcy Guy".

   d.   Defendant was required to file Payment Advices/Evidence of Payment which is to disclose all income received during the 60 days prior to filing. The Defendant declared under penalty of perjury in the Payment Advices/Evidence of Payment that his only income during the 60 days prior to filing was $919 on July 28, 2010 and $919 on June 23, 2010. No disclosure was made of the income earned from the operation of "The Plan Master" and/or his work as "The Bankruptcy Guy".

26.   The Defendant's oath concerning the truth and correctness of the information disclosed in Schedule B, The Statement of Financial Affairs, the Application to Proceed informa pauperis, the Chapter 7 Statement of Current Monthly Income and Means Test Calculation, and Payment Advices/Evidence of Payment was false. The Defendant made such false oath in his Schedules and other related documents, knowingly and fraudulently, in or in connection with this bankruptcy case. Therefore, Plaintiff asserts that the Defendant's discharge should be denied under 11 U.S.C.§ 727(a)(4).

## THIRD CAUSE OF ACTION: FALSE TESTIMONY AT MEETING OF CREDITORS CONCERNING DEFENDANT'S INTEREST IN PERSONAL PROPERTY AND DEFENDANT'S INCOME

27. Plaintiff hereby adopts and incorporates in paragraph 27 by reference the allegations set forth in paragraphs 1 through 26 of this complaint. In the alternative and without waiving the foregoing, Plaintiff will show that at the Meeting of Creditors held in this case on August 18, 2010, the trustee questioned the Defendant concerning the truthfulness of the Statement of Financial Affairs, Schedules and other related documents filed with the Court.

28. The Defendant, Eugene Powell Till, gave the following testimony under oath at the Meeting of Creditors held on August 18, 2010, in response to the questions of the trustee, Kenneth A. Rushton:

    Mr. Rushton: Did you sign the original Petition together with the Statements and Schedules and related documents prior to filing them with the Court?

    Mr. Till: Yes, sir.

    Mr. Rushton: Prior to signing did you review those documents to make certain that the information in them was complete and accurate and truthful in all respects?

    Mr. Till: Yes, sir.

    Mr. Rushton: Are you aware at this time of any errors or omissions that need to be disclosed or amendments that need to be made to the Statements and Schedules?

    Mr. Till: No, sir.

       Mr. Rushton: Do the Schedules contain a list of all debts incurred and all property owned at the time you filed?

       Mr. Till: Yes, sir.

29. No disclosure of the Defendant's ownership interest in or income from "Plan Master, LLC" and/or "The Bankruptcy Guy" was ever provided, although the Defendant was given three opportunities to make a truthful statement concerning those omissions.

30. The Defendant's sworn testimony at the Meeting of Creditors on August 18, 2010 was false. The Defendant made such false oaths, knowingly and fraudulently, in or in connection with this bankruptcy case. Therefore, Plaintiff asserts that the discharge of the Defendant should be denied under 11 U.S.C. §707(a)(4).

### FOURTH CAUSE OF ACTION: THE DEFENDANT HAS REFUSED, IN THE CASE, TO OBEY A LAWFUL ORDER OF THE COURT

31. Plaintiff hereby adopts and incorporates in paragraph 31 by reference the allegations set forth in paragraphs 1 through 30 of this complaint. In the alternative and without waiving the foregoing, Plaintiff will show that the Defendant has refused, in this case, to obey a lawful order of the Court issued on October 28, 2010.

32. On October 28, 2010, the Court ordered the Defendant to produce certain documents to the Office of the U.S. Trustee by November 9, 2010. The

    Defendant failed and refused to produce any documents prior to or after November 9, 2010 to the Office of the U.S. Trustee as ordered by the Court.

33. On October 28, 2010, the Court ordered the Defendant to appear at a 2004 examination to be conducted by the U.S. Trustee on November 16, 2010 at 2:00 p.m. at the Office of the U.S. Trustee in Salt Lake City, Utah.  The Defendant failed to appear at the 2004 examination on November 16, 2010 or on any later date, as ordered by the Court.

34. The Defendant refused to obey two lawful orders of the Court.  One was to produce documents and a second was to appear and testify at an examination conducted pursuant to Rule 2004.  The Defendant's refusal to obey such lawful orders of the Court was done knowingly and fraudulently, in or in connection with this bankruptcy case.  Therefore, Plaintiff asserts that the discharge of the Defendant should be denied under 11 U.S.C. §707(a)(6).

WHEREFORE, the Plaintiff requests relief against the Defendant as follows:

1. Pursuant to Count 1 an order denying the Defendant a discharge under 11 U.S.C. Section 727(a)(2)(B) of the Bankruptcy Code.

2. Pursuant to Count 2 an order denying the Defendant a discharge under 11 U.S.C. Section 727(a)(4) of the Bankruptcy Code.

3. Pursuant to Count 3 an order denying the Defendant a discharge under 11 U.S.C. Section 727(a)(4) of the Bankruptcy Code.

4. Pursuant to Count 4 an order denying the Defendant a discharge under 11 U.S.C. Section 727(a)(6) of the Bankruptcy Code.

5. Such other and further relief, both general and special, as may be shown to be justly entitled at law or equity.

DATED this 17th day of December 2010.

                                            Respectfully submitted,

                                            _____/s/_____
                                            LAURIE A. CAYTON
                                            Attorney for the United States Trustee
                                            Charles F. McVay